IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WILLIE J. CARTWRIGHT                                                   PETITIONER
ADC #134309

V.                       NO. 5:09cv00208 BSM-JWC

LARRY NORRIS, Director,                                        RESPONDENT
Arkansas Department of Correction

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days after being served with the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

       1.       Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the District Judge was not offered at a hearing before the Magistrate Judge.

3. An offer of proof stating the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

Willie J. Cartwright, an Arkansas Department of Correction inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1), along with a supporting brief and addendum (docs. 2, 3). He raises one claim: that he was illegally convicted and sentenced for the Class B felony of theft of property valued at more than $2500, when he was properly charged with only a Class C felony, in violation of state and federal law. Respondent filed a response and supporting exhibits (docs. 9, 13), to which Petitioner replied (doc. 12). Because Petitioner's claim does not entitle him to federal habeas relief, his petition should be **denied**.

I.

On July 21, 2004, a clerk at Scooter's Department Store in Sheridan, Arkansas, reported that seven envelopes containing checks and cash totaling $2686.23 were

missing.[1] The envelopes were later found in a nearby parking lot, and crime lab testing revealed sixteen of Petitioner's fingerprints. All checks were recovered except one in the amount of $57.23 and $605 in cash. Upon questioning, Petitioner first denied ever being in Sheridan. When he was told that his fingerprints were on the envelopes, he said he saw a bank bag behind a trash can in a gas station bathroom and looked inside the envelopes, but put everything back where he had found it. He said he had never been in the store in question. The store clerk described an unfamiliar person that was in the store the day the checks were taken. The description matched Petitioner's physical appearance, and the clerk later positively identified Petitioner as the person she had seen.

On April 6, 2005, Petitioner was charged by information with two Class C felonies: commercial burglary, and theft of property valued at more than $500 but less than $2500 (doc. 3, at 2). *See* Ark. Code Ann. §§ 5-36-103(a)(1) & (b)(2), 5-39-201(b) (2006). A jury trial was held on September 1, 2005, in the Grant County Circuit Court. Petitioner was acquitted of burglary, but convicted of theft of property, as a Class B felony, and was sentenced as an habitual offender to thirty years of imprisonment (doc. 9-2). After trial, on September 7, 2005, an amended information was filed with the circuit clerk: (1) changing the theft of property offense to a Class B felony, due to the property having a value greater than $2500; and (2) adding an habitual offender charge due to Petitioner's having been previously convicted of two or more felonies (doc. 3, at 3-4).

---

[1]The recitation of facts is drawn from the Arkansas Court of Appeals' opinion in Petitioner's direct appeal, *Cartwright I*, *infra* at *1; from the summary of the trial testimony set forth in Petitioner's state-court appellate brief (doc. 13-3, at 2-9); and from the probable cause affidavit in support of the charging information (doc. 3, at 5).

In a direct appeal, Petitioner argued: (1) the evidence was insufficient to support his conviction; (2) the trial court erred in allowing the state to amend the information to allege that he was an habitual offender; and (3) the trial court erred in admitting into evidence the state's documents showing the prior convictions (doc. 13-3). Finding no error, the Arkansas Court of Appeals affirmed. *Cartwright v. State*, No. CACR 05-1382, 2006 WL 2623932 (Ark. Ct. App. Sept. 13, 2006) (unpublished) (*Cartwright I*) (doc. 9-3).

Petitioner then filed in the trial court a petition for post-conviction relief pursuant to Ark. R. Crim. P. 37, which was denied (doc. 3, at 33). He appealed, arguing: (1) trial counsel was ineffective for failing to object to a jury instruction referring to a Class B felony charge, when the information filed prior to trial listed the theft charge as a Class C felony; (2) trial counsel was ineffective for failing to move for a new trial when an amended information was filed six days after trial stating the charge as a Class B felony; and (3) because he was not charged with a Class B felony prior to trial, his sentence for a Class B felony was illegal and the judgment of conviction was invalid on its face, in denial of his "due process and substantial rights" (doc. 13-5).

The Arkansas Supreme Court found that all three points turned upon the issue of whether failure to amend the information prior to trial was fatal error that would invalidate the judgment. *Cartwright v. State*, No. CR 07-905, 2008 WL 5191941, at *1 (Ark. Sup. Ct. Dec. 11, 2008) (unpublished) (*Cartwright II*) (doc. 9-4). The court stated that, under Ark. Code Ann. § 16-89-126(e)(1), a jury may not find a defendant guilty of a higher degree of an offense than that charged in the information. *Id.* The court further stated that an information may be amended before trial to authorize a more severe penalty where the defendant was sufficiently apprised of the specific crime charged to the extent necessary

to prepare a defense, and that an amendment changing the degree of an offense does not result in reversible error absent a showing of prejudice. *Id.* at *2. The supreme court remanded to the trial court to determine whether the state amended the information prior to trial to raise the level of the charge to a Class B felony, and to provide findings of fact as to that issue. *Id.*

On remand, the trial court conducted a hearing, at which the state presented the transcript of a chambers conference that occurred prior to Petitioner's jury trial on September 1, 2005.[2] The Arkansas Supreme Court summarized the trial court's findings and held as follows:

> The trial court has returned its findings on that issue, concluding that the information was amended as to the degree of the charge. As noted in our previous opinion, the trial court conducted a hearing on the day of trial in which the State moved to amend the information to include enhancement under the habitual offender statute. While the amendment filed after trial listed the charge as a Class B felony, we could not determine whether the document filed post-trial had been shown to defense counsel and the court during the hearing. When announcing the charges to the jury, however, the court did indicate that the theft charge was a Class B felony and, as the State pointed out in the hearing on remand, the amended affidavit attached to the amended information included a finding of probable cause signed by the presiding judge on the day of the trial.
>
> In the hearing on remand, the State introduced as evidence, and the trial court reviewed, the record from the trial concerning the hearing and the filed amended information and affidavit. The court requested the court reporter to provide the notes made by her in conjunction with the hearing and then stated that the court's personal recollection was that the case was amended and submitted as a Class B felony. Based upon those findings of fact, the court ruled the State had amended the information as to the degree of the charge at the hearing on the day of trial.

---

[2]A transcript of the hearing on remand has been submitted (doc. 3, at 14-25), with a transcript of the chambers conference attached (*id.* at 26-32).

> This court does not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous. The trial court's findings as to the ruling that the amendment to the degree of the charge did occur during the hearing prior to the trial is supported by the record of the hearing on remand. The court indicated personal knowledge that was supported by the reporter's notes and the transcript of the trial. Because the State moved to amend the information as to the degree of the charge on the day of the trial, appellant's sentence was not in violation of [Ark. Code Ann. § 16-89-126(e)(1)]. Appellant failed to make the requisite showing of an information that was fatally defective. Accordingly, we affirm the denial of postconviction relief.

*Cartwright v. State*, 2009 Ark. 190, at 2-3, 2009 WL 1042151, at *1-*2 (unpublished) (citation omitted) (doc. 9-5) (*Cartwright III*).

II.

In this federal habeas action, Petitioner argues that, because the state did not legally amend the information before his case was submitted to the jury to change the degree of his felony theft charge from Class C to Class B, he was found guilty of a crime with which he had not been charged, in violation of his rights to due process under the Arkansas and United States Constitutions (doc. 2, at 12-14). Additionally, he alleges violations of two state statutes: (1) Ark. Code Ann. § 16-85-407, requiring the state to obtain leave of court before amending as the degree of a charge; and (2) Ark. Code Ann. § 16-89-126(e)(1), providing that a jury may not find a defendant guilty of a higher degree of an offense than that charged in the indictment, even though the proof may support the higher charge (doc. 2, at 13). Under Arkansas law, the range of punishment was greater for a Class B felony, and Petitioner was given the maximum authorized sentence.[3] He

---

[3] For habitual offenders like Petitioner, the range of punishment for a Class B felony is "not less than five (5) years nor more than thirty (30) years," Ark. Code Ann. § 5-4-501(a)(2)(C), and, for a Class C felony, it is "not less than three (3) years nor more than twenty (20) years," *id.* § 5-4-

6

asks that his conviction and sentence be voided so that he can be resentenced for a Class C felony.

Respondent asserts that Petitioner cannot demonstrate he was convicted for an uncharged crime in violation of his constitutional rights because he has failed to rebut the presumption of correctness attending to the state courts' factual finding that the information was amended before his trial. Alternatively, Respondent asserts that Petitioner was not prejudiced by the amendment.

In the interests of finality and federalism, a federal habeas court is constrained by statute to exercise only a "limited and deferential review of underlying state court decisions." *Greer v. Minnesota*, 493 F.3d 952, 956 (8th Cir. 2007). Where a state court has previously adjudicated a claim on the merits, a federal habeas court may grant habeas relief for the same claim in only three limited situations: where the state court adjudication (1) was "contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); **or** (2) "involved an unreasonable application" of clearly established federal law, *id*.; **or** (3) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). In evaluating a state court decision under § 2254(d), a federal habeas court must presume any factual findings made by the state court to be correct unless rebutted by clear and convincing evidence. *Id.* § 2254(e)(1).

---

501(a)(2)(D). *See also id.* §§ 5-36-103(b)(1)(A) (Class B felony theft of property if value is $2500 or more), 5-36-103(b)(2) (Class C felony if property value is less than $2500 but more than $500).

Moreover, questions of state law that have been decided by a state court are simply not reviewable in a federal habeas action, even under § 2254(d)'s deferential standard. *Lee v. Gammon*, 222 F.3d 441, 443 (8th Cir. 2000). This is because a federal court may issue a writ of habeas corpus only when a conviction violates the Constitution, laws or treaties of the United States, and "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see* 28 U.S.C. §§ 2241, 2254. A state court's interpretation of state law binds a federal court sitting in habeas corpus. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

The adequacy of a state's charging information is primarily a question of state law. *Lee*, 222 F.3d at 442; *Kilgore v. Bowersox*, 124 F.3d 985, 993 (8th Cir. 1997). Therefore, to the extent that Petitioner alleges the information was not amended before trial in conformity with state law, this Court is bound by the determination of the state's highest court that Petitioner failed to show the information was fatally defective under the relevant state statutes. *See Cartwright III*, *supra* at *2.

The inquiry for this Court is whether the state courts' rejection of Petitioner's claim was contrary to, or an unreasonable application of, any clearly established federal law. "It is axiomatic that a conviction upon a charge not made ... constitutes a denial of due process." *Jackson v. Virginia*, 443 U.S. 307, 314 (1979). This reflects the broader premise "that a person cannot incur the loss of liberty for an offense without notice and a meaningful opportunity to defend." *Id.* The Sixth Amendment, made applicable to the states through the Fourteenth Amendment, guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation." *Lee*, 222 F.3d at 442. In addition, the Due Process Clause of the Fourteenth

Amendment provides an accused with the "clearly established" right to notice of the charges and a "chance to be heard in a trial of the issues raised by that charge." *Id.* Therefore, the question to be determined is whether Petitioner was given adequate notice of the charges against him so that he could prepare to contest those charges. *Id. at 442-43*; *Kilgore*, 124 F.3d at 993.

Respondent is correct that the answer hinges on the finding of the state trial court, as restated and adopted by the Arkansas Supreme Court, that "the State had amended the information as to the degree of the charge at the hearing on the day of trial." *Cartwright III, supra* at *2. As explained below, this finding is a reasonable determination of the facts in light of the evidence in the state court record, as required by § 2254(d)(2). Further, the finding is presumed correct under § 2254(e)(1) as Petitioner has failed to present clear and convincing evidence to rebut it.

At the hearing on remand, the prosecutor presented to the court a transcript of the chambers conference held prior to trial on September 1, 2005, at which the prosecutor and Petitioner's attorney were present (doc. 3, at 16-17, 26-32). At the conference, the prosecutor said he was offering an amended information and requested leave to amend because he had recently discovered that Petitioner's criminal record made him eligible to be charged as an habitual offender. The court allowed the amendment over Petitioner's objection (*id.* at 26-31). No mention was made of a change in the degree of the felony.

Also submitted at the remand hearing was a copy of the amended information and the amended probable cause affidavit, which the prosecutor stated was presented at the chambers conference, but not filed with the clerk until after trial (*id.* at 3-6, 17). The affidavit was signed and dated by the trial judge on September 1, 2005 (*id.* at 6). The

prosecutor testified that the amended information changed the level of the offense <u>and</u> added the habitual offender charge, and that there was only one amended information making both changes (*id.* at 19). The prosecutor stated that Petitioner's counsel either saw or was provided a copy of the information, and that counsel argued specifics of the amended information, showing his awareness of its contents (*id.* at 18-19). This is supported by the chambers conference transcript.

The prosecutor testified in the remand hearing that both the initial affidavit in support of the original charge and the amended affidavit in support of the amended information alleged at least $2686 being stolen, and that this allegation was provided in discovery "from the very beginning" (*id.* at 19). The Arkansas Supreme Court expressly found that "[t]he affidavit filed with the original information that was filed before trial, as well as the one filed after trial, alleged facts to support a B level of the charge." *Cartwright II*, *supra* at *1. A copy of what is apparently the original probable cause affidavit, dated September 27, 2004, is in the record, reflecting the $2686.23 amount (doc. 12, at 15-16).

At the hearing on remand, the trial judge stated that he had reviewed his court reporter's notes from the chambers conference, confirming that it occurred before the jury trial began (doc. 3, at 22-23). The trial judge stated that he specifically "recall[ed] that the case was not only amended, but it was submitted on a B felony, the instructions were for a B felony and the verdict form was a B felony" (*id.* at 23). From this evidence, the court found it was "cogently clear that the amendment occurred prior to trial, that everyone was aware of the amendment and the case was actually tried on the basis of a B felony, habitual offender status" (*id.*).

10

Other evidence supports this conclusion. Respondent has submitted a partial transcript of the state's closing argument, where the prosecutor asked the jury to find Petitioner guilty of theft of property of more than $2500, because even though he "only took the 400 to $600, he took the $2200 worth of checks at the same time [and] when you add them all together, that's more than $2500" (doc. 13-2, at 4). Also submitted were the jury's signed verdict forms, stating "Verdict Form – Class B Felony" (doc. 3, at 34), and reflecting a specific finding that the value of the property was "$2500 or more" (doc. 13-2, at 1). Although the relevant part of the transcript was not offered here, the Arkansas Supreme Court also noted that, "[w]hen announcing the charges to the jury, ... the court indicated that the theft charge was a Class B felony." *Cartwright II*, *supra* at *2; *see also Cartwright III*, *supra* at *1.

The record also contains a motion to produce evidence, filed by Petitioner's counsel on February 15, 2005, which states that Petitioner was alleged to have "gained entrance into a Sheridan business, Scooters, and stole $2686.23 contained in seven different envelopes all of which were contained in a bank deposit bag" (doc. 13-2, at 2). This indicates that counsel knew several months before trial that Petitioner was alleged to have stolen more than $2500 worth of property.

To rebut the state courts' findings, Petitioner asserts (doc. 12) that nothing in the record shows that the amended information included the change in degree of the charge or that his attorney ever saw an amended information containing a change in degree. The evidence recited above fully supports an inference that counsel was either shown or given a copy of the amended information, which included both the habitual offender charge and the change in degree.

11

Petitioner also contends that the state never sought or obtained leave to amend the degree of the charge, as required by Ark. Code Ann. § 16-85-407.  This is a question of state law which he argued in his state court proceedings and which was decided adversely to him.  (*See e.g.* doc. 3, at 20-22; doc. 13-5, at 7-8.)  This Court cannot revisit the issue.

Petitioner also states that he was not aware of being charged with stealing an amount of money that triggered Class B punishment because the affidavit states all checks were recovered except one for $57.23 and $605 in cash, the information itself does not list the value of the property, and the prosecutor told his attorney before trial that he only had to defend against the missing cash.  He says the amount of money was relevant to his defense because he was unable to review the actual checks so that he could determine whether the amounts added up to the statutory amount for a Class B felony.  He says the sentence he received was beyond that authorized for a Class C felony.

As stated, these assertions are outweighed by other evidence in the record indicating that Petitioner's counsel was aware well before trial that he was accused of stealing more than $2500.  Petitioner admits that he was able to view a list of the checks and their amounts (doc. 12, at 10, 19-23).  His defense was a complete denial that he committed any theft (*see* doc. 13-2, at 5-12).  All parties proceeded at trial as if he were charged with a Class B felony, with no objection by Petitioner at any time.  Under these circumstances, he was given adequate notice of the potential charges against him so that he could prepare his defense, satisfying the federal constitutional requirements of due process.  *See Lee*, 222 F.3d at 442-43 (due process question is whether defendant "actually received notice of the crime of which he was convicted"); *Kilgore*, 124 F.3d at 993; *Cokeley v. Lockhart*, 951 F.2d 916, 918-20 (8th Cir. 1991); *Hulstine v. Morris*, 819 F.2d

861, 864 (8th Cir. 1987) ("[Due process requirements may be satisfied if a defendant receives *actual* notice of the charges against him, even if the indictment or information is deficient."); *Franklin v. White*, 803 F.2d 416, 417-18 (8th Cir. 1986) (although indictment charged capital murder, due process notice requirements met where defendant's pretrial motion averred he was awaiting trial on first-degree murder charge, all parties proceeded at trial as if he were charged with that offense, and jury was instructed on that offense).

Furthermore, Petitioner's argument appears to be based in part on his belief that he could only be found guilty of theft of the checks and cash that were never recovered. Removal of the checks from the store constitutes a theft under the statute, regardless of whether he was found to have retained any or all of them. Arkansas's theft statute makes no exceptions for temporary deprivation. *See Hickson v. State*, 901 S.W.2d 868, 869 (Ark. Ct. App. 1995).

In summary, Petitioner has not presented clear and convincing evidence, as required by § 2254(e)(1), to rebut the state courts' presumptively correct factual finding that he had actual notice of the Class B felony charge prior to trial. Moreover, he has not shown that the state courts' rejection of his claims was contrary to or an unreasonable application of clearly established federal law, or was based on unreasonable determination of the facts in light of the state court record. These statutes impose a "heavy burden" to meet, and Petitioner has not done so. *See Bell v. Norris*, 586 F.3d 624, 630-31 (8th Cir. 2009), *petition for cert. filed*, No. 09-7786 (U.S. Nov. 23, 2009).

III.

For the foregoing reasons, this 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 1) should be **denied**, **dismissing this action in its entirety with prejudice.**

DATED this 26th day of January, 2010.

<br>

                                                UNITED STATES MAGISTRATE JUDGE